Farson *v.* Goodale.

SAMUEL FARSON *vs.* AMOS GOODALE.

A tenant at will who quits and delivers up a demised tenement by the express oral consent of his landlord is not thereafter liable for rent, although he does not give a written notice under the statute, or return the whole number of keys belonging to the tenement.

CONTRACT to recover a month's rent of a tenement which had been occupied by the defendant as tenant at will to the plaintiff.

At the trial in the superior court, before *Morton*, J., there was evidence tending to prove that before the commencement of the month in question the defendant left the premises by the express consent of the plaintiff, who said that he should not require a written notice ; and the judge instructed the jury that if this fact was established the defendant was entitled to a verdict. It also appeared that, after the defendant had left the tenement, he sent to the plaintiff a portion only of the keys belonging to it, which the plaintiff declined to receive. It was in controversy whether this was before or after the commencement of the month, and the judge ruled that it was immaterial. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*A. F. L. ·Norris*, for the plaintiff.

*A. R. Brown*, for the defendant.

Merrick, J. A tenancy at will may be terminated at any time and in any manner which may be mutually agreed upon by the parties. A landlord may waive the notice to which he is entitled under the provisions of the statute for this purpose, and consent that his tenant may quit and deliver up the premises at his pleasure. If the tenant avails himself of this consent, and relinquishes the possession and all right of possession of the estate, and gives notice thereof to the landlord, he will thereby terminate the lease and be liable for no further rent. *Tuttle* v. *Bean*, 13 Met. 275. *Whitney* v. *Gordon*, 1 Cush. 366.

The instructions of the court were in conformity to this rule, and were correct. The tender by the tenant of less than the whole number of keys belonging to the tenement is immaterial. It is sufficient that he quit the estate and surrendered it to the landlord, in conformity to the permission given to him to terminate the tenancy in that manner. *Exceptions overruled.*